UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**AXEL PEREZ**
11648 Kingsley Manor Way
Jacksonville, FL 32225

**DIANA PEREZ**
11648 Kingsley Manor Way
Jacksonville, FL 32225

      Plaintiffs,

and

**CHUBB INDEMITY INSURANCE COMPANY**
A Foreign Corporation
1133 Avenue of the Americas FI 41
New York, NY 10036
**Registered Agent:**
CT Corporation System
301 S. Bedford St., Suite 1
Madison, WI 53703

      Case No. 1:23-cv-907

      **JURY DEMAND**

      Involuntary Plaintiff,

v.

**LOCKHEED MARTIN CORPORATION**
A Foreign Corporation
6801 Rockledge Dr.
Bethesda, MD 20817
**Registered Agent:**
Corporation Service Company
33 East Main Street, Suite 610
Madison, WI 53703,

**ABC Insurance Company,**

1

**FINCANTIERI MARINE GROUP, LLC**
A Foreign LLC
655 15th St. NW
Washington, DC 20005
**Registered Agent:**
CT Corporation System
301 S. Bedford St., Suite 1
Madison, WI 53703,

**DEF INSURANCE COMPANY,**

**MARINETTE MARINE CORPORATION**
A Domestic Corporation
1600 Ely St.
Marinette, WI 54143
**Registered Agent:**
G&K Wisconsin Services, LLC
200 S. Washington St, Suite 100
Greenbay, WI 54301

**GHI INSURANCE COMPANY**

        Defendants.

---

# COMPLAINT

---

**COMES NOW**, Plaintiffs Axel Perez and Diana Perez, by and through their attorney of record, Phillip S. Georges, PLLC by Attorney Phillip S. Georges and in accordance with Fed. R. Civ. P. 8, files this Complaint.

## PARTIES

1. Plaintiff Axel Perez (hereinafter "Mr. Perez") is a resident and citizen of the State of Florida. Process can be served to Mr. Perez by and through his attorney of record.

2. Plaintiff Diana Perez (hereinafter "Ms. Perez") is a resident and citizen of the State of Florida. Process can be served to Ms. Perez by and through her attorney of record.

3. Involuntary Plaintiff Chubb Indemnity Insurance Company is a foreign corporation organized and existing under the laws of the State of New York, with its principal offices located at1133 Avenue of the Americas Fl 41, New York, NY 10036. Their registered agent is CT Corporation System, located at 301 S. Bedford St., Suite 1, Madison, WI 53703. That Chubb Indemnity Insurance Company was the administrator providing monies for health care services and lost wages provided to Plaintiff, as a result of the injuries Mr. Perez sustained in said incident, and therefore is joined as an Involuntary Plaintiff for the purpose of complying with the provisions of Wisconsin Statutes 803.03. The Plaintiff alleges doubt as to whether Chubb Indemnity Insurance Company, is truly subrogated or interested in this action.

4. Defendant Lockheed Martin Corporation (hereinafter "Defendant Lockheed") is a foreign corporation conducting business in the State of Wisconsin with its principal office located at 6801 Rockledge Dr., Bethesda, MD 20817. Their registered agent is Corporation Service Company, 33 East Main Street, Suite 610, Madison, WI 53703.

5. ABC Insurance Company was at the time of the incident that is the subject of this complaint the liability insurance carrier for Defendant Lockheed Martin Corporation.

6. Defendant Fincantieri Marine Group, LLC (hereinafter "Defendant Fincantieri") is a foreign LLC with its principal offices located at 655 15th St. NW, Washington, DC 20005. Their registered agent is CT Corporation System 301 S. Bedford St., Suite 1, Madison, WI 53703.

7. DEF Insurance Company was at the time of the incident that is the subject of this complaint the liability insurance carrier for Defendant Fincantieri Marine Group, LLC.

8. Defendant Marinette Marine Corporation (hereinafter "Defendant Marinette") is a domestic corporation with its principal place of business located at 1600 Ely St., Marinette, WI 54143. Their registered agent is G&K Wisconsin Services, LLC, 200 S. Washington St, Suite 100, Greenbay, WI 54301.

9. GHI Insurance Company was at the time of the incident that is the subject of this complaint the liability insurance carrier for Defendant Marinette Marine Corporation.

## JURISDICTION

10. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through nine (9) with the same force and effect as though fully set forth herein.

11. Plaintiffs bring this complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

12. This complaint was filed within the applicable statute of limitations.

13. Venue is proper in this Judicial District as the acts and omissions complained of occurred in this district.

## FACTUAL ALLEGATIONS

14. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through thirteen (13) with the same force and effect as though fully set forth herein.

15. On September 3, 2020, Mr. Perez was a contractor working for L3 Harris Technologies, Inc.

16. That the incident that is the subject of this legal action took place onboard the USS Cooperstown which was a freedom class littoral combat ship being built at Marinette Marine Corporation located at 1600 Ely St. in Marinette, Wisconsin.

17. That on September 3, 2020, Mr. Perez was working as a subcontractor at Defendant Fincantieri's ship building operation located at Defendant Marinette's facility in Marinette, Wisconsin.
18. That on September 3, 2020, Defendant Fincantieri and Defendant Marinette were building a freedom class littoral combat ship for the United States Navy named the USS Cooperstown.
19. That Mr. Perez was performing a navigation alignment of the forward MK110 gun onboard the USS Cooperstown which was under construction.
20. That Defendant Lockheed was at all times material hereto, pursuant to the theory of *Respondeat Superior*, liable for the acts of its employees, servants, and/or agents, while in the course and scope of their employment.
21. That Defendant Lockheed oversaw the navigation alignment of the weapon.
22. That Defendant Lockheed was controlled access to all weapon systems onboard the USS Cooperstown.
23. That Defendant Lockheed was in control of the operation of the MK110 gun on the day of this incident.
24. That Defendant Lockheed was responsible for all lock out/tag out procedures of the MK110 gun area onboard the USS Cooperstown.
25. That Defendant Lockheed supervised the work performed by subcontractors working on the weapon systems onboard the USS Cooperstown.
26. That Defendant Fincantieri was at all times material hereto, pursuant to the theory of *Respondeat Superior*, liable for the acts of its employees, servants, and/or agents, while in the course and scope of their employment.

27. That Defendant Fincantieri was responsible for the overall operation and construction of the USS Cooperstown.

28. That Defendant Fincantieri was responsible for the development of safety procedures to include lock out/tag out procedures of weapon systems.

29. That Defendant Fincantieri was responsible for the implementation of safety procedures to include lock out/tag out procedures of weapon systems.

30. That Defendant Fincantieri was responsible for the oversight of safety procedures to include lock out/tag out procedures of weapon systems.

31. That Defendant Marinette was at all times material hereto, pursuant to the theory of *Respondeat Superior*, liable for the acts of its employees, servants, and/or agents, while in the course and scope of their employment.

32. That Defendant Marinette was responsible for the overall operation and construction of the USS Cooperstown.

33. That Defendant Marinette was responsible for the development of safety procedures to include lock out/tag out procedures of weapon systems.

34. That Defendant Marinette was responsible for the implementation of safety procedures to include lock out/tag out procedures of weapon systems.

35. That Defendant Marinette was responsible for the oversight of safety procedures to include lock out/tag out procedures of weapon systems.

36. That Defendant Lockheed was responsible for the overall operation and construction of the USS Cooperstown.

37. That Defendant Lockheed was responsible for the development of safety procedures to include lock out/tag out procedures of weapon systems.

38. That Defendant Lockheed was responsible for the implementation of safety procedures to include lock out/tag out procedures of weapon systems.

39. That Defendant Lockheed was responsible for the oversight of safety procedures to include lock out/tag out procedures of weapon systems.

40. That on September 3, 2020, Mr. Perez was given access to the USS Cooperstown by Defendants Fincantieri, Marinette and Lockheed in order to conduct the weapon alignment heading reading of the MK110 forward gun.

41. Mr. Perez met with personnel from Defendant Lockheed before conducting work on the MK110.

42. Mr. Perez was granted access to the MK110 and directed to it by personnel for Defendant Lockheed.

43. Employees for Defendant Lockheed were in possession and control of the computer and operating system for the MK110.

44. Employees for Defendant Lockheed, by use of a portable electronic module, positioned the MK110 for service and then cleared Mr. Perez and his team to conduct their work.

45. That upon completion of the level alignment of the MK110 gun, Mr. Perez approached employees of Defendant Lockheed, informed them of the end of test and that they were ready to be clearing down their equipment.

46. That while Mr. Perez was inside the turret of the MK110 gun, clearing down his equipment, an employee of Defendant Lockheed activated the MK110 gun with a portable electronic module, spinning the MK110 turret around with Mr. Perez inside.

47. While inside the turret of the MK110, Mr. Perez was thrown in the air, striking his body all over and his head.

48. Mr. Perez was knocked unconscious and laid on the ground unconscious and convulsing for over twenty minutes.

49. As a result of the injuries sustained by being thrown inside the MK110 turret, Mr. Perez suffered a serious and permanent traumatic brain injury, injury to his body to include his right shoulder which required surgery.

50. Mr. Perez is no longer able to work in the same capacity that he did on September 3, 2020 due to his injuries.

51. As a result of the injuries suffered by Mr. Perez, Ms. Perez has been forced to care for her husband in an manner beyond the normal progression of care due to aging and their relationship both physically with intimacy and emotionally has suffered.

### COUNT I
### NEGLIGENCE OF DEFENDANT LOCKHEED

52. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through fifty-one (51) with the same force and effect as though fully set forth herein.

53. That Defendant Lockheed by and through its employees, owed a duty to Mr. Perez to ensure that the MK110 gun that was under their sole operational control was properly secured.

54. That Defendant Lockheed by and through its employees, owed a duty to follow all safety procedures with regard to the access and work to be done on the MK110 weapon system to include following proper lock out/tag out procedures.

55. That Defendant Lockheed by and through its employees, breached its duty to Mr. Perez when it failed to properly secure the MK110 gun from being operational so that the alignment work that they authorized could be performed placing Mr. Perez in a foreseeable and unreasonable risk of harm.

56. That Defendant Lockheed by and through its employees, breached its duty to Mr. Perez when it failed to follow safety lock out/tag out procedures before allowing work to be performed on the MK110 gun.

57. That Defendant Lockheed by and through its employees, breached its duty to Mr. Perez when its employee armed the MK110 gun with a portable electronic module, spinning the turret of the MK110 around with Mr. Perez inside.

58. As a direct and proximate result of Defendant Lockheed's negligence, Mr. Perez sustained serious and permanent injuries, sustained past and future pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses, has incurred and will incur in the future medical bills in an effort to be cured of said injuries, and has been hampered in the conduct of his personal activities, has lost job opportunities and suffered to his detriment the loss of income and gainful employment and further has suffered the loss common life enjoyments and normal relationships.

59. Defendant Lockheed is therefore liable for the harm suffered by the Plaintiff, Axel Perez by their negligence and the ordeal it precipitated.

## COUNT II
## NEGLIGENT TRAINING BY DEFENDANT LOCKHEED

60. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through fifty-nine (59) with the same force and effect as though fully set forth herein.

61. That Defendant Lockheed was at all times material hereto, pursuant to the theory of *Respondeat Superior*, are liable for the acts of its employees, servants, and/or agents, while in the course and scope of their employment.

62. That the Defendant Lockheed, their agents, employees and/or servants, knew or in the exercise of reasonable care failed to properly train their employees and/or servants regarding the operation and safety procedures of the MK110 gun, exposing Mr. Perez to an unreasonable risk of injury or harm.

63. As a direct and proximate result of Defendant Lockheed's negligence, Mr. Perez sustained serious and permanent injuries, sustained past and future pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses, has incurred and will incur in the future medical bills in an effort to be cured of said injuries, and has been hampered in the conduct of his personal activities, has lost job opportunities and suffered to his detriment the loss of income and gainful employment and further has suffered the loss common life enjoyments and normal relationships.

64. Defendant Lockheed is therefore liable for the harm suffered by the Mr. Perez by their negligence and the ordeal it precipitated.

## COUNT III
## NEGLIGENCE OF DEFENDANT FINCANTIERI

65. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through sixty-four (64) with the same force and effect as though fully set forth herein.

66. That Defendant Fincantieri owed a duty to Mr. Perez to ensure that the MK110 gun that was properly operated and secured.

67. That Defendant Fincantieri owed a duty to follow all safety procedures with regard to the access and work to be done on the MK110 weapon system to include following proper lock

out/tag out procedures and ensuring that all safety protocols were followed by all contractors.

68. That Defendant Fincantieri breached its duty to Mr. Perez when it failed to properly oversee and secure the MK110 gun from being operational so that the alignment work could be performed placing Mr. Perez in a foreseeable and unreasonable risk of harm.

69. That Defendant Fincantieri breached its duty to Mr. Perez when it failed to follow safety lock out/tag out procedures and failed to provide proper oversight before allowing work to be performed on the MK110 gun.

70. As a direct and proximate result of Defendant Fincantieri's negligence, Mr. Perez sustained serious and permanent injuries, sustained past and future pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses, has incurred and will incur in the future medical bills in an effort to be cured of said injuries, and has been hampered in the conduct of his personal activities, has lost job opportunities and suffered to his detriment the loss of income and gainful employment and further has suffered the loss common life enjoyments and normal relationships.

71. Defendant Fincantieri is therefore liable for the harm suffered by the Plaintiff, Axel Perez by their negligence and the ordeal it precipitated.

## COUNT IV
## NEGLIGENT TRAINING BY DEFENDANT FINCANTIERI

72. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through seventy-one (71) with the same force and effect as though fully set forth herein.

73. That Defendant Fincantieri was at all times material hereto, pursuant to the theory of *Respondeat Superior*, liable for the acts of its employees, servants, and/or agents, while in the course and scope of their employment.

74. That the Defendant Fincantieri, their agents, employees and/or servants, knew or in the exercise of reasonable care failed to properly train their employees and/or servants regarding the operation, oversight and safety procedures of the MK110 gun, exposing Mr. Perez to an unreasonable risk of injury or harm.

75. As a direct and proximate result of Defendant Fincantieri's negligence, Mr. Perez sustained serious and permanent injuries, sustained past and future pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses, has incurred and will incur in the future medical bills in an effort to be cured of said injuries, and has been hampered in the conduct of his personal activities, has lost job opportunities and suffered to his detriment the loss of income and gainful employment and further has suffered the loss common life enjoyments and normal relationships.

76. Defendant Fincantieri are therefore liable for the harm suffered by the Mr. Perez by their negligence and the ordeal it precipitated.

## COUNT V
## NEGLIGENCE OF DEFENDANT MARINETTE

77. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through seventy-six (76) with the same force and effect as though fully set forth herein.

78. That Defendant Marinette owed a duty to Mr. Perez to ensure that the MK110 gun that was properly operated and secured.

79. That Defendant Marinette owed a duty to follow all safety procedures with regard to the access and work to be done on the MK110 weapon system to include following proper lock out/tag out procedures and ensuring that all safety protocols were followed by all contractors.

80. That Defendant Marinette breached its duty to Mr. Perez when it failed to properly oversee and secure the MK110 gun from being operational so that the alignment work could be performed placing Mr. Perez in a foreseeable and unreasonable risk of harm.

81. That Defendant Marinette breached its duty to Mr. Perez when it failed to follow safety lock out/tag out procedures and failed to provide proper oversight before allowing work to be performed on the MK110 gun.

82. As a direct and proximate result of Defendant Marinette's negligence, Mr. Perez sustained serious and permanent injuries, sustained past and future pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses, has incurred and will incur in the future medical bills in an effort to be cured of said injuries, and has been hampered in the conduct of his personal activities, has lost job opportunities and suffered to his detriment the loss of income and gainful employment and further has suffered the loss common life enjoyments and normal relationships.

83. Defendant Marinette are therefore liable for the harm suffered by the Plaintiff, Axel Perez by their negligence and the ordeal it precipitated.

## COUNT VI
## NEGLIGENT TRAINING BY DEFENDANT MARINETTE

84. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through eighty-three (83) with the same force and effect as though fully set forth herein.

85. That Defendant Marinette was at all times material hereto, pursuant to the theory of *Respondeat Superior*, are liable for the acts of its employees, servants, and/or agents, while in the course and scope of their employment.

86. That the Defendant Marinette, their agents, employees and/or servants, knew or in the exercise of reasonable care failed to properly train their employees and/or servants regarding the operation, oversight and safety procedures of the MK110 gun, exposing Mr. Perez to an unreasonable risk of injury or harm.

87. As a direct and proximate result of Defendant Marinette's negligence, Mr. Perez sustained serious and permanent injuries, sustained past and future pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses, has incurred and will incur in the future medical bills in an effort to be cured of said injuries, and has been hampered in the conduct of his personal activities, has lost job opportunities and suffered to his detriment the loss of income and gainful employment and further has suffered the loss common life enjoyments and normal relationships.

88. Defendant Marinette are therefore liable for the harm suffered by the Mr. Perez by their negligence and the ordeal it precipitated.

# COUNT VII
# LOSS OF SOCIETY AND COMPANIONSHIP

89. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through eighty-eight (88) with the same force and effect as though fully set forth herein.

90. That as a direct and proximate result of the incident alleged above and the negligence of Defendants Lockheed, Fincantieri and Marinette, the Plaintiff Ms. Perez, was obliged and will continue to be obliged to expend and procure monies for the medical care and attention for the Plaintiff, Mr. Perez, her spouse, and further suffered the loss of society and companionship of Mr. Perez, all to her damage in an amount to be determined by the trier of fact.

**WHERFORE**, Plaintiffs prays for the following relief:

1. The process and summons issue, as provide by law, requiring Defendants to appear and Answer Plaintiffs' Complaint;
2. That service be had upon Defendants as provided by law;
3. That the Court award and enter a judgment in favor of the Plaintiffs and against the Defendants for compensatory and special damages in an amount that will fully compensate the Plaintiffs on all counts together with the pre-judgment and post-judgment interest, costs, attorney fees and disbursements of this action;
4. Plaintiff respectfully demands a jury of twelve (12) and reserves the right to amend this Complaint to conform to evidence as it develops;
5. All other relief, legal or equitable, that this Honorable Court deems just and proper.

Respectfully Submitted this 7th day of July 2023

**PHILLIP S. GEORGES, PLLC**

Electronically signed by:
*/s/ Phillip S. Georges*
   Phillip S. Georges
   SBN: 1056511

**POST OFFICE ADDRESS:**
phil@wolfpacklawyers.com
501 Union St., Suite 200D
Nashville, TN 37219
Telephone: 615-486-4115 ext. 700
Facsimile: 615-576-8668