AXEL PEREZ et al.,

        Plaintiffs,

     v.                                              Case No. 23-C-907

LOCKHEED MARTIN CORPORATION
et al.,

        Defendants.

## ORDER GRANTING MOTION TO COMPEL

Plaintiffs Axel Perez and Diana Perez commenced this action for damages for injuries Axel Perez sustained while working as a contractor aboard the USS Cooperstown. Plaintiffs allege Mr. Perez was severely injured while working on the ship's MK110 forward gun. Plaintiffs filed this action on July 7, 2023, seeking damages for those injuries. The case is before the court on Plaintiffs' motion to compel and for sanctions.

The court held a Rule 16 scheduling conference on October 3, 2023, and ordered that the parties' initial disclosures under Fed. R. Civ. P. 26(a)(1) were to be made no later than November 1, 2023. Dkt. Nos. 31, 32. Among other things, Rule 26(a)(1) requires each party to provide to the other parties "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). On November 30, 2023, Defendant Lockheed Martin Corporation filed its initial disclosures, which listed 11 categories of documents but did not produce any of the documents it described. Instead, Lockheed explained in a footnote "No

documents are being produced contemporaneously with these FRCP 26 Initial Disclosures, pending approval for release from the United States Federal Government, given the national security implications referenced in the Joint Preliminary Pretrial Report." Dkt. No. 43-1 at 3 n. 1.

On March 12, 2024, Plaintiffs' Counsel sent an email to Counsel for Lockheed expressing his concerns that no documents had been produced and the possibility that it would affect the discovery and the trial schedule. On March 20, 2024, having not received a response, Plaintiffs' Counsel threatened to bring a Rule 37 motion for sanctions. On March 21, 2024, counsel for all of the parties agreed to seek leave of the court to extend the scheduling order due to the discovery issues. They filed a motion so requesting on March 29, 2024, and the court conducted a telephone conference on April 11, 2024. Based in part on the difficulty of getting the requested approval, the court granted the motion to extend certain dates. Dkt. Nos. 39, 40.

Plaintiffs then served upon Lockheed their first set of interrogatories and request for production of documents on April 27, 2024. Dkt. No. 43-2. On June 3, 2024, Plaintiffs received Lockheed's amended initial disclosure which again contained no supporting documents. Dkt. No. 43-3. Plaintiffs' counsel spoke to Lockheed's counsel, who reported that they were still waiting for authorization from the United States Government to release the documents. Dkt. No. 43 at 2. Plaintiffs' counsel made further requests on June 27, 2024, and on July 1, 2024, was again told by counsel for Lockheed that they were still waiting for permission to release the documents but had still not received approval. Plaintiffs thereupon filed the instant motion on July 9, 2024. Dkt. No. 43.

The Court grants Plaintiffs' motion. Lockheed has not responded—it had until July 30, 2024, to do so. Lockheed may have a justification for complying with Rule 26(a)(1) and Plaintiffs' discovery requests, but it has failed to offer any. Under these circumstances and in the absence of

Case 1:23-cv-00907-WCG    Filed 08/06/24    Page 2 of 3    Document 47

any response from Lockheed, Plaintiffs' properly supported motion must be granted. Lockheed is therefore ordered to produce the documents identified in its Rule 26(a)(1)(A) initial disclosures and respond to Plaintiffs' outstanding discovery requests within the next twenty days. Fed. R. Civ. P. 37(a)(3).

The Court also awards Plaintiffs the attorney's fees related to this motion. Rule 37 permits a court to award appropriate sanctions, and they are warranted here. From the court's view, discovery—and by implication, resolution of this case—has languished in large part because of Lockheed's delay in producing the required discovery. If Lockheed is unable to produce the requested documents or other information due to national security concerns of the United States Government, it is its responsibility to seek a protective order and bring the issue to the court's attention. Instead, it appears that Lockheed has simply failed to respond to Plaintiffs' request and their motion to compel, thereby forcing Plaintiffs to expend time and expense in bringing a motion to compel.

Accordingly, Plaintiffs' Motion to Compel (Dkt. No. 43) is **GRANTED**. Plaintiffs are awarded attorney's fees related to this motion.

Dated at Green Bay, Wisconsin this 6th day of August, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3