UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AXEL PEREZ, et al.,

          Plaintiffs,

v.                                       Case No. 23-CV-907

LOCKHEED MARTIN CORPORATION, et al.,

          Defendants.

## DECISION AND ORDER

### 1. Background

Axel Perez[1] was injured on September 3, 2020, during the calibration of the forward gun mount of a littoral combat ship under construction. (ECF No. 62-2, ¶ 7.) Lockheed Martin was the lead contractor on the project. Fincantieri Marine Group, LLC, and Marinette Marine Corporation, which acted collectively under the name Fincantieri Marinette Marine (FMM), was a subcontractor responsible for hull and machinery work. (ECF No. 62-2, ¶ 37.) Lockheed Martin was responsible for the weapons systems, including the forward gun mount. (ECF No. 62-2, ¶ 38.) Perez worked for L3 Harris, an entity involved in the calibration. (ECF No. 62-2, ¶¶ 7-8, 30.)

---

[1] Diana Perez, Axel's wife, is also a plaintiff. As her claim is not relevant to the present motion, the court uses Perez to refer to Axel alone.

Jesse Cotton of Lockheed Martin was in control of the gun mount during the calibration. (ECF No. 62-2, ¶ 10.) Before stowing the gun at the end of the test, Perez tapped Cotton on the shoulder. (ECF No. 62-2, ¶¶ 34-35.) This tap caused Cotton to inadvertently activate the laptop controlling the gun, resulting in the gun rotating and striking Perez. (ECF No. 62-2, ¶ 35.)

Although no FMM employees were involved with any work related to the weapons system, including the forward gun mount or the calibration work performed on September 3, 2020, (ECF No. 62-2, ¶ 41-42), Perez sued FMM alleging negligence and failure to train (ECF No. 1, ¶¶ 65-88). FMM has moved for summary judgment. (ECF No. 54.) The court has jurisdiction under 28 U.S.C. § 1332. (*See* ECF No. 62-2, ¶¶ 1-6.)

2. **Summary Judgment Standard**

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund.*, 778 F.3d 593, 601 (7th Cir. 2015). The court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024).

Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id*. If the movant sustains its burden and shows both that there are no disputed material facts and that it is entitled to judgment as a matter of law "[t]he court shall grant summary judgment …." Fed. R. Civ. P. 56(a).

No party has raised a conflict of law issue, and therefore the court applies the substantive law of the state in which it sits, *i.e.*, Wisconsin law, to this diversity action. *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010).

**3. Analysis**

Perez's response to FMM's motion for summary judgment is remarkable in that it is devoid of a single citation to any statute or caselaw. It also failed to comply with the court's Local Rules in two significant respects.

First, in his response, Perez repeatedly made factual assertions supported by citations to documents in the record. Civil Local Rule 56(b)(6) requires that all "[a]ssertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts." A statement of additional facts must be set forth in a separate document. *See* Civ. L.R. 56(b)(2)(B)(ii). The court adopted this procedure to ensure that an opponent directly addresses each proposed fact so that the court can easily identify any material disputes. Consequently, the Rule states

3

that "[f]ailure to comply with the requirements in this rule may result in sanctions up to and including the Court denying or granting the motion." Civ. L.R. 56(c)(9). At a minimum, the court will generally ignore any improperly presented fact.

Second, Perez's response included a document that he filed under seal. (ECF No. 62-6.) However, he failed file a separate motion to seal or restrict this document as is required under General Local Rule 79(d). The Clerk notified Perez of his error and instructed him to immediately file a motion to seal or restrict the document. (*See* Notice of Electronic Filing Error re 62 Brief in Opposition to Motion (Oct. 29, 2025).) Perez has not complied. In light of Perez's non-compliance, the court is obligated to make the document public. Gen. L.R. 79(d)(1). Accordingly, it will instruct the Clerk to un-restrict the document filed as ECF No. 62-6.

Turning to the merits of FMM's motion, negligence is a breach of the duty of ordinary care. Wis. JI-Civil 1005. To prove negligence, a plaintiff must show that the defendant did or failed to do something "that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property." *Id*. Thus, the first step in assessing whether a defendant was negligent is to identify specifically what the defendants allegedly unreasonably did or failed to do that injured the plaintiff. *See Hoida, Inc. v. M&I Midstate Bank*, 2006 WI 69, ¶23, 291 Wis. 2d 283, 717 N.W.2d 17. "What is within the duty of ordinary care depends on the circumstances under which the claimed duty arises." *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶18, 318 Wis. 2d 622, 768 N.W.2d 568 (brackets omitted; quoting *Hoida, Inc.*, 2006 WI 69, ¶32).

Perez points to the opinion of his expert, Daniel Gackowski, who said in his report that FMM "appears to hold some minor responsibility for the testing environment that led to said injuries" (ECF No. 62-9 at 3), and "there is documentation to suggest some responsibility on behalf of [FMM]," (ECF Nos. 57-4 at 4; 62-9 at 4). Specifically, FMM had a policy related to the rotation of weapons that required constant communication to the station controlling the movement of the weapon, and if there was a break in that communication, movement of the weapon would stop until communication was reestablished. (ECF Nos. 57-4 at 5; 62-6 at 6, sec. 3.4.5 ("A manned safety watch will be posted with direct, constant communications to the station controlling the weapon system movement. Any failure or break in the communications is cause for an immediate cessation of weapon systems movement until the communications are reestablished.").) The policy assigns responsibility for enforcement of this policy to "FMM Safety." (ECF Nos. 57-4 at 5; 62-6 at 6, sec. 5.2.)

But a company's policy is not a standard of care. *Gonzales v. Protective Ins. Co.*, 2023 WI App 23, 407 Wis. 2d 651, 990 N.W.2d 632, 2023 Wisc. App. LEXIS 220 (unpublished); *see also Cooper v. Eagle River Mem'l Hosp., Inc.*, 270 F.3d 456, 462 (7th Cir. 2001) ("As a general rule in Wisconsin, the internal procedures of a private organization do not set the standard of care applicable in negligence cases."). A standard of care is a minimum; it sets the floor. Public policy favors entities like employers establishing their own policies that exceed the minimum standard of care. To hold that a violation

5

Case 1:23-cv-00907-BBC    Filed 12/10/25    Page 5 of 8    Document 65

of a policy, standing alone, automatically creates a question of negligence would deter companies from taking steps to provide greater protections for workers.

Gackowski does not opine that the standard duty of care related to the testing of weapons systems was that any testing must stop if there was a break of communications, much less that a subcontractor in FMM's position had a duty to ensure that testing performed by the primary contractor stopped if communication broke down. *Cf. Cooper*, 270 F.3d at 462 (noting that an internal policy or procedure may be relevant to establishing the duty of care if the plaintiff can show that substantially the entire industry had adopted the safety regulation) (quoting *Marolla v. Am. Family Mut. Ins. Co.*, 38 Wis. 2d 539, 547, 157 N.W.2d 674, 678 (1968)). In fact, his report does not contain any opinion as to FMM's duty of care. Gackowski's statements about FMM can hardly even be characterized as an expert opinion. He merely noted the existence and apparent violation of an FMM policy and identified that as a potential theory of liability. But again, a violation of an internal policy supports a negligence claim only if that policy reflected the applicable standard of care, *see Cooper*, 270 F.3d at 462, and Perez has not offered any such evidence.

Perez has made even less of an effort to defend his claims based on a failure to train theory. Again, he points only to the fact that FMM's policies stated, "New employees and visitors to FMM will be briefed on the dangers and procedures contained herein." (ECF No. 62-6 at 6-7, sec. 5.2.) This does not constitute evidence from which a reasonable finder of fact could conclude that this internal policy gave rise to a legal duty on the part of FMM. Having failed to present evidence of either

6

Case 1:23-cv-00907-BBC   Filed 12/10/25   Page 6 of 8   Document 65

the applicable duty of care or that FMM violated it, Perez's negligence claims against FMM fail.

Alternatively, FMM's relationship to Perez's injury was too remote to provide a basis for liability, would place an unreasonable burden on entities like FMM, and would open the door to theories of liability based on a tangential chain of relationships with no stopping point. Therefore, Perez's claims against FMM alternatively fail as a matter of public policy. *See Behrendt*, 2009 WI 71, ¶29. A defendant is not liable simply because, through some chain of events, it arguably could have intervened and prevented the plaintiff's injury. The plaintiff must prove that the defendant had a legal duty to act.

It is undisputed that Lockheed was the primary contractor and exercised exclusive control over the testing. Requiring a subcontractor who was not present to intervene in, oversee, or correct the primary contractor's safety practices would be an untenable expansion of tort duty.

In sum, it is undisputed that FMM was Lockheed Martin's subcontractor. Its role was limited to hull and machinery work on the ship. It had no role in the installation or testing of the weapons systems and it did not participate in the calibration of the gun that resulted in Perez's injury. FMM had policies that arguably applied to the events that gave rise to Perez's injury, and those policies may even have been violated. However, Perez offers no evidence that those policies reflect the duty of care that FMM was obligated to exercise at the time of his injury. Absent

evidence of a duty of care, a tort claim fails. Perez presents no evidence of duty with respect to FFM. Thus, Perez's claims against FMM necessarily fail.

**IT IS THEREFORE ORDERED** that the motion for summary judgment filed by defendants Fincantieri Marine Group, LLC, and Marinette Marine Corporation (ECF No. 54) is **granted**. Fincantieri Marine Group, LLC, and Marinette Marine Corporation are dismissed as defendants.

**IT IS FURTHER ORDERED** that the Clerk shall make public the document the plaintiff filed as ECF No. 62-6 due to the plaintiffs' failure to comply with General Local Rule 79.

Dated at Green Bay, Wisconsin this 10th day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge