# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AXEL PEREZ, et al.,**

        Plaintiffs,

v.                                Case No. 23-CV-907

**LOCKHEED MARTIN CORPORATION, et al.,**

        Defendants.

## ORDER

On December 10, 2025, the court granted Fincantieri Marine Group, LLC, and Marinette Marine Corporation's motion for summary judgment (ECF No. 54) and dismissed them as defendants. *Perez v. Lockheed Martin Corp.*, No. 23-CV-907, 2025 U.S. Dist. LEXIS 255443, at *9 (E.D. Wis. Dec. 10, 2025). The action otherwise continued.

On January 20, 2026, Attorney Jeffry S. Fertl, who is counsel for Fincantieri Marine Group LLC, Marinette Marine Corporation, Starr Indemnity[1] and Liability Co. filed a "Stipulation of Dismissal" stating "that all claims and causes of action by plaintiffs against Fincantieri Marine Group, LLC, Marinette Marine Corporation, and Starr Indemnity and Liability Co. should be dismissed on the merits, with prejudice, and without costs to any party." (ECF No. 72.) The Clerk's Office added the

---

[1] The defendant's name on CM/ECF is "Starr Indenity and Liability Co."

following notation to the docket: "Starr Indenity [sic] and Liability Co is dismissed on the merits, with prejudice, and without costs to any party, upon the 72 Stipulation of the parties." The notation did not refence Fincantieri Marine Group, LLC, or Marinette Marine Corporation because the court had previously terminated those entities as parties pursuant to the court's summary judgment order.

On January 22, 2026, Fertl filed another "Stipulation of Dismisal," this time stating "that all claims and causes of action asserted in this action and only this action between or among Fincantieri Marine Group, LLC, Marinette Marine Corporation, and Starr Indemnity and Liability Co., and Lockheed Martin Corporation and Indemnity Insurance Corporation of North America should be dismissed on the merits, with prejudice, and without costs to any party." (ECF No. 75.)

The following day, Fertl, submitted a letter to the court wherein he notes that the Clerk entered a notice referring to Starr being dismissed "on the merits, with prejudice, and without costs to any party" pursuant to the parties' stipulation. Fertl continues, "In order to effectuate a final dismissal of the matter against my clients, we would request that the Court enter a similar dismissal for both Fincantieri Marine Group, LLC and Marinette Marine Corporation." (ECF No. 76 at 1.)

As a preliminary matter, the court generally does not act on letters. Any request for court action must be made by a motion. *See* Fed. R. Civ. P. 7(b)(1). Nonetheless, to resolve the confusion that has developed in this action and to correct certain inaccuracies, the court finds it prudent to issue this order.

First, an explanation of what happened. Fertl filed two documents, each of which he represented to be a "Stipulation of Dismissal." A stipulation of dismissal dismisses an action without a court order, and this court does not enter orders, even when proposed or requested by the parties, under such circumstances. *See Scott v. Delbert Servs. Corp.*, 973 F. Supp. 2d 949 (E.D. Wis. 2013).

The Clerk's docket text—"Starr Indenity and Liability Co is dismissed on the merits, with prejudice, and without costs to any party, upon the 72 Stipulation of the parties"—was purely informative, administrative, and clerical. The court will not delve needlessly deep into the behind-the-scenes mechanics of CM/ECF, but in simple terms, when a party is terminated and the case remains open, it is necessary for the Clerk's Office to add a notation by the party's name indicating "TERMINATED" and the date. Adding that notation requires a corresponding court-initiated docket entry.

When the Clerk terminated Fincantieri Marine Group, LLC and Marinette Marine Corporation, the corresponding docket entry was the court's summary judgment decision. But when it was necessary to terminate Starr, there was only the parties' stipulation. Therefore, the Clerk's Office needed to make a docket entry. The deputy clerk who made that entry and terminated Starr chose to helpfully add information about the nature of Starr's dismissal that was contained in the stipulation, *i.e.*, that it was "on the merits, with prejudice, and without costs to any party." Again, because Fincantieri Marine Group, LLC and Marinette Marine Corporation had already been terminated, the text did not refer to those parties. In fact, the system does not allow for a terminated party to be "re-terminated."

Fertl refers to the docket text as being necessary "[i]n order to effectuate a final dismissal of the matter against my clients," but it is unclear what he means. The docket text is not a judgment or even an order. In fact, the court cannot discern any legal significance to the clerk's office's text. If counsel was seeking judgment despite this action not being fully resolved, Rule 54(b) provides the procedure. *See also King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) (discussing the timing of a Rule 54(b) motion). But it is unclear if that Rule would be applicable in light of the parties' stipulation. A stipulation is the "final dismissal." *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Nothing further is required.

Now for the problem: what Fertl called a "Stipulation of Dismissal" was not. A stipulation of dismissal must be "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(iii). The stipulation that Fertl submitted was signed only by the directly affected parties rather than all parties that appeared. The Clerk's Office assumed it was a proper stipulation of dismissal and acted accordingly. The court did not review it because, again, the court acts only in response to motions.

But it is now clear that this purported stipulation of dismissal should have been a joint or stipulated motion to dismiss under Fed. R. Civ. P. 41(a)(2). Notably, that was what counsel for Lockheed Martin recently filed with respect to the dismissal of the plaintiffs' claims against Lockheed Martin Corporation. (ECF No. 77.)

Finally, to straighten all this out.

1. Construing the stipulation as a joint motion (ECF No. 72) the motion is **granted**. All claims and causes of action by plaintiffs against Fincantieri Marine Group, LLC, Marinette Marine Corporation, and Starr Indemnity and Liability Co. are dismissed upon their merits, with prejudice, and without costs to any party.

2. Construing the stipulation as a joint motion (ECF No. 75) the motion is **granted**. All claims and causes of action asserted in this action and only this action between or among Fincantieri Marine Group, LLC, Marinette Marine Corporation, and Starr Indemnity and Liability Co. and Lockheed Martin Corporation and Indemnity Insurance Corporation of North America, be and hereby are dismissed upon their merits, with prejudice, and without costs to any party.

3. The stipulated motion to dismiss (ECF No. 77) is **granted**. All claims and causes of action by plaintiffs against Lockheed and Indemnity Insurance Corporation of North America are dismissed on the merits, with prejudice, and without costs to any party. The claims asserted by Lockheed against L3 Harris

5

Case 1:23-cv-00907-BBC    Filed 02/02/26    Page 5 of 6    Document 78

Technologies and the Insurance Company of the State of Pennsylvania in the Third-Party Complaint for Declaratory Judgment and Monetary Relief (*see* ECF No. 69) remain active.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 2nd day of February, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
